PIERCE, ET AL. *v.* BOARD OF HEALTH
OF CITY OF VALPARAISO, ET AL.

[No. 18,508.   Filed May 28, 1954.]

*Frederick C. Crumpacker,* of Valparaiso, and *Owen
W. Crumpacker* and *Crumpacker & Schroer,* of Hammond, for appellants.

*Charles T. Clifford* (City Attorney), of Valparaiso, for appellees.

KENDALL, J.—The appellants instituted this action in the lower court to review a purported order of abatement and the action of the Board of Health of the City of Valparaiso and other officials thereof under the statutory proceedings of Chapter 157, Acts of 1949, known as the Public Health Code, being §§35-2701 to 35-2714, Burns' 1949 Replacement. From an adverse decision in the lower court they institute this appeal.

Appellants alleged in their petition to review the purported order of the Board of Health that they are aggrieved by the actions of appellees referred to in the abatement notice and that they, within the statutory period for filing a petition for review, filed their petition to review the purported *actions, determinations* and *orders* of the appellees.

Appellants further contend that the abatement notice served on them is void, defective and of no force for the following reasons: (a) There was no order of the local Board of Health which had been enacted in compliance with the statute; (b) That said notice is void in that it does not satisfy the statutory requirements in the following particulars:

"(1)    It is the act of the City Health Inspector and City Health Officer and is not an order of the proper state, county or local health authority as required by statute.

"(2)    There is no order declaring any property owned by plaintiffs to be a public nuisance nor was any such order served on plaintiffs as required by statute.

"(3)    There is no order issued by proper authorities and served upon plaintiffs to abate, suspend, alter, or improve any property or premises owned by plaintiffs as required by statute.

"(4)    . . .

Cause was put at issue by the filing of answers by appellees pursuant to Rule 1-3 of the Supreme Court in three paragraphs and appellants' reply thereto.

Trial had by court who, without request, rendered written findings and decree, the portion of which that is pertinent to the decision of this court is as follows:

> "IT IS FURTHER ADJUDGED AND DE-CREED by the Court that there is no evidence as against the Board of Health of the City of Valparaiso, nor as against Robert S. Leaming, Inspector, nor as against Charles T. Clifford, City Attorney and therefore judgment is entered in their behalf."

Motion for new trial filed containing two specifications (a) That the decision of the court is not sustained by sufficient evidence; (b) That the decision is contrary to law. The assignment of error is that the court erred in overruling appellants' motion for new trial.

The uncontradicted evidence was that the Board of Health of the City of Valparaiso had not made an order of abatement. In fact, the Board of Health never met as an official body. The appellants do not allege in their petition to review that an order had been made by the Board of Health but to the contrary specifically say that the act of the City Health Inspector and City Health Officer is not an order of the state, county or local health authorities.

It is therefore apparent from the examination of the pleading and the evidence introduced in this cause that an order had never been duly made by the Board of Health as is contemplated to have been made by the statutes, wherein an aggrieved party may file a petition to review. In the instant case, an order not having been made, there was nothing for

the lower court to review. One cannot successfully review an order which has not been made. Appellants allege that they are proceeding under §§35-2701 to 35-2714, *supra,* of which §35-2711, *supra,* provides as follows:

> "Review of order—Petition.—Any person aggrieved by any order of a local board of health or county health officer made under the provisions of this article (§§35-2201—35-3007), may within ten (10) days after the making of the order file with the circuit or superior court a petition praying a review of the order. The court shall hear the appeal, and its decision shall be final."

This section provides that the only matter authorized to be reviewed under the Health Code is that of an order of the Board of Health. No provision is made to review any orders or proceedings under this section of the City Health Inspector or the City Health Officer. Since the appellants were proceeding under the sections of the statute dealing with the Health Code, and, it admittedly being the fact that no order was made by the City Board of Health, there was nothing for the lower court to review as a result of the appellants filing their petition.

Appellants cannot successfully contend that they relied upon the notice to abate wherein the notice said, "You are hereby notified that the Valparaiso Board of Health have determined . . . ," for the reason that by the filing of appellants' petition to review, they allege, set out and complain that no such order was made by the City Board of Health. Whatever might have been stated in the purported notice, signed by the Health Officer and Health Inspector, would under no condition constitute an order of the City Board of Health. If the rights of the appellants have been damaged as a result of the notice signed by the Health

Officer and Health Inspector, they should have sought other remedies.

By the terms of the statute, an ordinance of the Board of Health is a condition precedent to the successful bringing of a petition to review the same.

By the filing of the appellants' petition to review the purported order, they in effect ask the trial court to render a decree in advance and prior to the making of an order as contemplated in the Health Code. It is generally recognized that judicial relief from threatened or pending administrative actions have been correctly denied on many grounds, among them that a court will not render a decree in advance of the administrative action and thereby render such action nugatory. *Marquez* v. *Frisbie* (1879), 101 U. S. 473, 25 L. Ed. 800.

In the instant case, the Board of Health of the City of Valparaiso, not having enacted the order sought to be complained of, the appellants can show no more than an apprehension or fear that the board will perform its duties wrongfully.

The petition to review filed by the appellants was premature and does not meet the requirements of the statute by showing that the board did make an order of the nature complained of.

For the reasons assigned, this cause is remanded to the trial court with instructions to enter an order dismissing this action.

Crumpacker, J., not participating.

NOTE.—Reported in 119 N. E. 2d 718.